**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

JUL 0 6 2010

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| CLAUDIUS ALEXANDER | § | |
| | § | |
| v. | § | **CIVIL ACTION NO: 2:10-cv-00120** |
| | § | **JURY TRIAL** |
| CITY OF CORPUS CHRISTI, TEXAS; | § | |
| MATT MORROW, *Individually*; and | § | |
| ADAM E. THURMAN, *Individually* | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE JANIS GRAHAM JACK:**

NOW COMES Plaintiff, Claudius Alexander, filing this, his *Plaintiff's First Amended Original Complaint*, and bringing this action against the City of Corpus Christi, Texas, Matt Morrow, *Individually*, and Adam E. Thurman, *Individually*, as said Defendants, jointly and severally, have denied Plaintiff's rights guaranteed by the Constitution and laws of the United States of America and the State of Texas.

## JURISDICTION AND VENUE

1.     This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to 29 U.S.C. § 1391(b).

## PARTIES

2.     Plaintiff Claudius Alexander (hereinafter "Mr. Alexander" and/or "Plaintiff"), who brings this suit in his own behalf, is a resident of Corpus Christi, Nueces County, Texas.

3.      Defendant City of Corpus Christi, Texas (hereinafter "Defendant City of Corpus Christi"),has previously waived service and filed an answer herein.

4.      Defendant Matt Morrow was, at all times material to this suit, an officer employed by the Corpus Christi Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Corpus Christi Police Department. Defendant may be served with summons at his place of employment, CORPUS CHRISTI POLICE DEPARTMENT, 321 John Sartain St., Corpus Christi, Texas 78401.

5.      Defendant Adam E. Thurman was, at all times material to this suit, an officer employed by the Corpus Christi Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Corpus Christi Police Department. Defendant may be served with summons at his place of employment, CORPUS CHRISTI POLICE DEPARTMENT, 321 John Sartain St., Corpus Christi, Texas 78401.

## FACTS

6.      On or about October 1, 2008, Mr. Alexander was operating his motor vehicle in Corpus Christi, Texas. Mr. Alexander had just left the Adult Learning Center located at Morgan Avenue when he began to feel ill. Mr. Alexander had four prior back surgeries, was diabetic, suffered from a seizure disorder and had high blood pressure. As a result of these medical conditions, particularly an issue with his diabetes, Mr. Alexander was forced to pull his vehicle over to the side of the road.

7.      As Mr. Alexander sat in his vehicle on the side of the road attempting to regain his composure and fading in and out of consciousness, he was approached by Defendants Matt Morrow

2

and Adam E. Thurman. It was clear, or should have been clear to Defendants Matt Morrow and Adam E. Thurman that Mr. Alexander was in desperate need of medical attention. However, instead of providing Mr. Alexander with necessary medical attention, Defendants Matt Morrow and Adam E. Thurman decided to take advantage of the situation and use Mr. Alexander as their own personal taser dummy. As Mr. Alexander sat motionless, completely vulnerable and while offering no resistance to Defendants Matt Morrow and Adam E. Thurman, Defendant Matt Morrow shot Mr. Alexander with his taser. Defendants Matt Morrow and Adam E. Thurman then jerked Mr. Alexander out of his vehicle and threw him to the ground. Once on the ground, Defendants Matt Morrow and Adam E. Thurman continued their brutal and sadistic assault on Mr. Alexander and again shot and/or drive-stunned him with their tasers until he lost complete consciousness.

8.      When Mr. Alexander finally regained consciousness, he was confronted by Defendants Matt Morrow and Adam E. Thurman and they accused him of being on drugs and/or under the influence of alcohol. When Mr. Alexander informed Defendants Matt Morrow and Adam E. Thurman of his medical conditions, Defendants Matt Morrow and Adam E. Thurman decided they might want to contact emergency medical services. Emergency medical personnel provided medical treatment to Mr. Alexander on the side of the road and found his blood sugar level to be well below a normal range. These medical personnel were forced to give Mr. Alexander an emergency gel solution in an effort to bring his blood sugar levels to a normal range and stabilize his condition.

9.      The emergency medical responders communicated this information to Defendants Matt Morrow and Adam E. Thurman. Defendants Matt Morrow and Adam E. Thurman, now fully aware of Mr. Alexander's medical circumstances, nonetheless decided to arrest Mr. Alexander and charge him with evading arrest/detention and driving erratically. During his transport for the

3

aforementioned charges, Mr. Alexander continually requested further medical treatment that was denied. Upon arriving at the Corpus Christi Detention Center (CCDC), Mr. Alexander informed officers/guards that he required further medical attention. Eventually, other detainees in a holding cell with Mr. Alexander had to inform CCDC officers/guards that Mr. Alexander was again losing consciousness. At this point, Mr. Alexander was unable to stand under his power and he was placed in a wheelchair by CCDC officers/guards. Being that CCDC officers/guards did not want to deal with Mr. Alexander's obvious medical conditions, the decision was then made to release him without charges. Mr. Alexander was transported directly from the CCDC to Christus Spohn Shoreline Hospital for further treatment for his diabetic episode and the injuries he received at the hands of Defendants Matt Morrow and Adam E. Thurman. To date, no charges have ever been pursued against Mr. Alexander.

10.    As a result of the individual Defendants' actions, Mr. Alexander sustained serious injuries to his person. Additionally, Mr. Alexander was required to pay impound and towing fees on his vehicle despite never being formally charged with a crime and being released from the CCDC shortly after arrival.

11.    As it applies to Plaintiff's federal causes of action, Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, the individual Defendants were the agents and/or employees of Defendant City, and were acting within such agency and employment, as well as, under color of state law.

12.    Moreover, the acts of the individual Defendants amount to an excessive and/or unnecessary use of force. Said excessive/unnecessary use of force is objectively unreasonable as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have

4

initiated such a brutal and life threatening attack on any person in the position of Mr. Alexander, who was almost completely unconscious and surrendering to custody and/or control of law enforcement.

13. Furthermore, said excessive force committed against Plaintiff by the individual Defendants was not performed in good faith to maintain or restore discipline, but was performed maliciously, intentionally, and sadistically for the very purpose of punishing and causing harm to Plaintiff.

14. As it applies to Plaintiff's federal causes of action, Defendant City of Corpus Christi and/or Corpus Christi Police Department authorized and/or ratified the wrongful and tortious acts and/or omissions described herein.

## FIRST CLAIM FOR RELIEF - - §1983

15. The allegations contained in Paragraphs 6 thru 14 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

16. The Civil Rights of 1871, now codified as 42 U.S.C.S. §1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.S. §1983.

17. The state action requirement for standing under 42 U.S.C.S. §1983 has more commonly been referred to as "color of state law," from the statute itself. Plaintiff is informed and believes, and thereupon allege that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

5

Case 2:10-cv-00120   Document 15-1   Filed in TXSD on 06/29/10   Page 6 of 14

18.     42 U.S.C.S. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Plaintiff alleges that Defendants, jointly and/or severally deprived Plaintiff of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions and/or omissions, *inter alia*:

a)     by attempting to detain Plaintiff in violation of his Fourth Amendment expectation of privacy and guarantee to security from unreasonable search and seizure without reasonable suspicion and/or probable cause;

b)     by using excessive force and/or deadly force in the course of Defendants' attempted custody of Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore plead that he was unlawfully beaten and shot. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable;

c)     by failing to provide medical attention, where the necessity of same was clearly necessary, required by law, and/or needed; and

d)     by failing to intervene, where such intervention would have prevented the violations and/or injuries of Plaintiff.

19.     The individual Defendants' actions and/or omissions were not "objectively unreasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of the individual Defendants' actions. In light of the fact that Plaintiff was merely being stopped for a minor traffic violation, it is initially absurd that Defendants would deem force (much less the use of intermediate weapons such as tasers) was warranted and/or required. Furthermore, Plaintiff never posed an immediate threat to the safety of the individual Defendants. For these and other reasons, it was objectively unreasonable for the individual

6

Defendants to beat and taser Plaintiff.

20.   **§ 1983 - Excessive Force**   Plaintiff pleads that the individual Defendants used excessive force and/or deadly force in the course of the officers' supposed arrest, and/or investigatory stop, and/or other "seizure" of a free citizen, such as Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard.   Plaintiff therefore pleads that he was unlawfully assaulted,  and physically beaten by the individual Defendants.  Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

21.   Under §1983, Defendant City of Corpus Christi is also liable for failing to supervise and/or failing to train, and/or acquiescence in unconstitutional behavior by subordinates. First, Defendant City of Corpus Christi failed to properly train and failed to properly supervise its officers. Defendant City of Corpus Christi is liable under §1983, as there is a causal connection between the individual Defendants' actions and/or omissions and the alleged constitutional violations, as outlined throughout this entire pleading.  In addition, Defendant City of Corpus Christi did not discipline the individual Defendants for their conduct, thereby sanctioning their actions, amounting to a departmental policy that violated Plaintiff's civil rights. Defendant City of Corpus Christi's failure to supervise or train amounted to gross negligence or deliberate indifference.

22.   It is also well-established that municipalities are liable under 42 U.S.C.S. §1983 for constitutional torts that are in compliance with their customs, practices, policies or procedures.  A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels.  In this case, Defendant City of Corpus Christi is liable because it sanctioned the custom,

Case 2:10-cv-00120 Document 15-1 Filed in TXSD on 06/29/10 Page 8 of 14

practice and/or policy or procedures of, *inter alia*, 1) using excessive, and oftentimes deadly force, to effectuate what are otherwise routine arrests, 2) using deadly force when such is not necessary and/or allowable, 3) ignoring the serious need for training and supervision of their officers in regards to the use of force, 4) failing to discipline those persons whom are found to have engaged in the use of excessive force upon those entrusted to their care and/or under their control, 5) failing to adequately supervise and/or observe their employees and/or officers including reservist, 6) failing to provide adequate training in regard to the availability of alternative means of detaining persons apart from the use of force and/or deadly force, and 7) failing to impose proper and sufficient policies and/or procedures as to the use of force and/or the treatment of the mentally ill and/or their requiring of medical attention. Such policy and/or customs were the "moving force" behind the constitutional violation (excessive force) exacted upon Plaintiff and was the "cause in fact" of his injuries.

Plaintiff alleges, inter alia:

- A continuing and pervasive pattern of civil rights abuses by the City of Corpus Christi police officers against persons who live within the City.

- The deliberate indifference of the City of Corpus Christi in failing to adequately train, supervise and discipline police officers.

- A continuing pattern of civil rights abuses... that results from the Defendant City Of Corpus Christi's deliberate conduct in establishing policy and custom that encourages and acquiesces in Fourth and Fourteenth Amendment rights violations.

- The individual Defendants failure to stand ready to provide emergency medical care when faced with substantial likelihood of injuries, was the direct result of the City of Corpus Christi's unwritten custom and/or policy of allowing their officers to abandon the written City policies at [their] unilateral discretion... As a result of Defendant City of Corpus Christi's 'unwritten' policies and customs, deliberate indifference, deliberate conduct as described above, the City is the 'moving force' behind [Defendant Officers'] act of beating and tasing Plaintiff.

8

- Policies, practices and customs of these Defendants, that allowed the individual Defendants to use excessive force against citizens, and to subject persons to outrageous, unreasonable and inhuman treatment that leads to serious injury and death.

- Defendant City failed to discipline any of the Officers who aggressively approached Plaintiff, and Defendant City of Corpus Christi's refusal to discipline the Officers effectively acted to ratify the conduct, and further evidences the existence of preexisting policy and custom of allowing Officers to engage in such conduct."

23. The actions and/or inaction taken in this case was uncalled for and taken pursuant to the customary practices and/or policies or procedures that were sanctioned by all named entity Defendants. Liability for Defendant City of Corpus Christi is established under §1983 because the "turn a blind eye" approach to the use of excessive force is a persistent, widespread practice of the city employees -- namely police officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant City of Corpus Christi had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendant City of Corpus Christi's unspoken policies above reflect a decision that shows deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision. In the alternative, Defendant City of Corpus Christi is liable under §1983 for failing to adopt clear policies outlining the criteria for determining the need for, the availability of and/or the means by which to use force.

24. Moreover, Defendant City of Corpus Christi is liable for the inadequate training of their officers under §1983. Liability attaches to Defendant City of Corpus Christi because its failure to train amounts to deliberate indifference to the rights of the persons with whom officers come in contact.

Case 2:10-cv-00120    Document 15-1    Filed in TXSD on 06/29/10    Page 10 of 14

25.    Plaintiff further alleges that Defendants, jointly and/or severally have violated his Fourth Amendment rights when he was unreasonably and unlawfully detained.

26.    **§ 1983 - Medical Indifference** Defendant City of Corpus Christi is liable herein because it sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) ignoring the serious medical needs of those entrusted to its care based either on expedience or ignorance to the consequences, 2) failing to discipline those persons whom are found to have ignored the medical needs of such individuals, 3) failing to adequately supervise and/or observe its inmates/detainees/arrestees, 4) failing to provide adequate man power to supervise and/or observe inmates/detainees/arrestees, 5) failing to provide adequate staff to handle situations stemming from the medical needs of inmates/detainees/arrestees, and 6) failing to impose proper and sufficient policies and/or procedures as to the screening of inmates/detainees/arrestees in regard to their medical needs.

27.    The actions and/or inactions taken in this case were taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendant City of Corpus Christi. Liability for Defendant City of Corpus Christi is established under §1983 because its "ignore all policies" attitude is a persistent, widespread practice of the county employees -- namely deputies/officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant City of Corpus Christi had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendant City of Corpus Christi's unspoken policies above is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will

10

Case 2:10-cv-00120   Document 15-1   Filed in TXSD on 06/29/10   Page 11 of 14

follow the decision. In the alternative, Defendant City of Corpus Christi is liable under §1983 for failing to adopt clear policies outlining the criteria for determining, relaying and/or treating the medical (mental and otherwise) needs of inmates/detainees/arrestees.

28.     Moreover, Defendant City of Corpus Christi is liable for the inadequate training of its deputies/officers under §1983. Liability attaches to Defendant City of Corpus Christi because its failure to train amounts to deliberate indifference to the rights of the persons with whom they come in contact.

## SECOND CLAIM FOR RELIEF - - Texas - - Assault & Battery

29.     The allegations contained in Paragraphs 6 thru 14 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Furthermore, the claims brought by Plaintiff under this section only apply to the individual Defendants in their individual capacities. Any reference to "Defendant(s)" in this section only applies to the individual Defendants and does not include Defendant City.

30.     As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law did then and there by acts/and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to Plaintiff through unconsented physical contact with him.

31.     Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiffs allege that the individual Defendants committed an assault upon Plaintiff when they intentionally, knowingly, and/or recklessly caused him serious bodily injury. Said assaultive conduct of the individual Defendants was committed intentionally, knowingly, and/or recklessly and was the proximate cause of physical and emotional injuries to Plaintiff. Said injuries

were the direct and immediate consequence of the individual Defendants wrongful acts and a natural and direct result of the assault.

32.     At no time were the individual  Defendants privileged to take the action, as force was not necessary.  Moreover, said individual Defendants' assault and battery of Plaintiff was objectively reasonable when balancing the amount of force used against the need for the force.

## DAMAGES

33.     As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include, but are not limited to, the following: both physical and emotional injury, pain and suffering, and emotional and mental distress, and shock.

34.     Said injuries have caused Plaintiff to incur special damages which include but are not limited to: lost wages, medical expenses and impound fees associated with his arrest.

35.     Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees.  Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

36.     In addition, Plaintiff prays for punitive damages against the individual Defendant. Punitive damages are designed to punish and deter persons such as the individual Defendants who has engaged in egregious wrongdoing.  Punitive damages may be assessed under §1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that upon trial upon the merits, Plaintiff recover compensatory damages against Defendants, jointly and severally; that Plaintiff also

12

Case 2:10-cv-00120 Document 15-1 Filed in TXSD on 06/29/10 Page 13 of 14

recover punitive damages against the individual Defendants in an amount to punish and/or deter and to make an example of that Defendant in order to prevent similar future conduct; and that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all prejudgment and postjudgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other general or specific relief to which he proves himself justly entitled.

Respectfully submitted,

GALE, WILSON & SÁNCHEZ, PLLC
115 E. Travis, 19th Floor
San Antonio, Texas 78205
Telephone: (210)222-8899
Telecopier: (210)222-9526
Email: cjgale@gws-law.com


By: /s/ Christopher J. Gale
    Christopher J. Gale
    Southern District Bar No. 27257
    Texas Bar Number 00793766
    *Attorney-in-Charge for Plaintiff*

## Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 8(b).

13

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of June, 2010, a true and correct copy of the above and foregoing has been sent to the following counsel of record by means indicated below:

James F. McKibben, Jr.                                *Via E-File Notification*
MCKIBBEN, WOOLSEY & VILLARREAL, L.L.P.   *& By Telecopier (361)883-8353*
1100 Tower II - 555 N. Carancahua
Corpus Christi, Texas 78478


                                   /s/ Christopher J. Gale
                                   Christopher J. Gale

14